IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD OVERMAN,

      Plaintiff,        OPINION AND ORDER

 v.                06-cv-484-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

      Defendant.

---

  Plaintiff Gerald Overman has filed an application for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $15,246.93 for 94.7 hours of work and costs in the amount of $821.86. In a second motion for attorney fees, he asks for an additional $1,540.73 for time spent on the fee petition, for a total request of $17,609.52. Defendant disputes both the amount of the fees sought and the characterization of his position as unjustified. Because I find that defendant's pre-litigation position was unjustified, I will grant the petition for an award of fees. However, I agree with defendant that the fees should be reduced because a significant amount of plaintiff's attorney's time was devoted to unsuccessful issues not raised in the court of

1

appeals. Accordingly, I am reducing the fee award to $16,150.96 to reflect what I conclude is a reasonable amount.

The following undisputed and material facts are taken from the record.

FACTS

On December 9, 2003, plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he was unable to work because of thyroid and vision problems and a variety of other conditions. His applications eventually were considered by an administrative law judge, who determined after a hearing that plaintiff was not disabled. In reaching his conclusion, the administrative law judge applied the familiar five-step sequential process for evaluating disability claims. 20 C.F.R. §§ 404.1520, 416.920. At step four, the administrative law judge concluded that plaintiff could not return to his past work in golf course irrigation and resort maintenance. He found that plaintiff retained the residual functional capacity to lift 50 pounds occasionally but never over the shoulder; lift 20 pounds frequently; sit, stand and walk without limitation; climb ladders occasionally and perform tasks requiring gross discrimination skills but not those requiring fine discrimination. In addition, he found that plaintiff could not perform work requiring significant reading, unprotected hazards or extreme temperatures, climbing ropes or scaffolding or repetitive over-the-shoulder tasks.

2

The finding that plaintiff could not return to his past relevant work meant that the burden shifted to defendant to establish that plaintiff's limitations did not prevent him from performing other jobs and that those jobs existed in significant numbers in the national economy. Relying on the testimony of vocational expert Kenneth Ogren, the administrative law judge found that plaintiff could perform jobs that existed in significant numbers in the national economy, namely hand packager and rack room worker.

At the administrative hearing, the adjudicator presented Ogren with a hypothetical question in which he asked Ogren to assume a person of plaintiff's age, education and work experience, who retained the residual functional capacity to lift 50 pounds occasionally but never over the shoulder; lift 20 pounds frequently; sit, stand and walk without limitation; climb ladders occasionally, perform gross discrimination but not fine discrimination and could not perform work requiring significant reading, unprotected hazards or extreme temperatures, climbing ropes or scaffold or repetitive over-the shoulder tasks. Ogren testified that such an individual would be able to perform the jobs of hand packager (1,200 jobs in Minnesota) and rack room worker jobs (800 jobs in Minnesota). In response to the administrative law judge's inquiry, Ogren replied that his testimony was consistent with the <u>Dictionary of Occupational Titles</u>. On cross examination, Ogren testified that an individual would have to have at least some vision to be able to do both jobs and admitted that plaintiff could not work as a hand packager if that position required reading.

3

The administrative law judge found that plaintiff was not under a disability at any time through the date of the decision and therefore was not entitled to Disability Insurance Benefits or Supplemental Security Income payments. His decision became the final decision of the commissioner when the Appeals Council denied plaintiff's request for review.

Plaintiff filed an action for judicial review of defendant's decision. 42 U.S.C. § 405(g). He raised three challenges to the administrative law judge's decision: 1) the administrative law judge ignored medical evidence in making his residual functional capacity finding; 2) he improperly weighed the opinion of plaintiff's treating physician; and 3) he relied on vocational expert testimony that was unfounded in making his step five determination. As part of his step five challenge, plaintiff argued that Ogren's testimony regarding the jobs that plaintiff could perform was insufficient to meet defendant's burden because the testimony of the vocational expert conflicted with the <u>Dictionary of Occupational Titles</u> and the administrative law judge failed to explore these discrepancies at the hearing as he was required to do. Social Security Ruling 00-4p (adjudicator has affirmative responsibility to ask vocational expert whether testimony concerning job requirements is consistent with <u>Dictionary</u>).

Plaintiff argued that even though the administrative law judge asked the expert whether his testimony was consistent with the information in the <u>Dictionary</u>, he failed to elicit an explanation for the discrepancies between his testimony and the information in the

4

Dictionary. I found that because there was no apparent conflict between the expert's testimony and the Dictionary, the administrative law judge had no obligation under SSR 00-4p to inquire further and could conclude that Ogren's testimony was reliable. I also found that the administrative law judge made a proper determination of plaintiff's residual functional capacity and gave proper weight to the opinion of plaintiff's treating physician.

On appeal, plaintiff continued to challenge the administrative law judge's reliance on the vocational expert's testimony. Specifically, plaintiff argued that the administrative law judge erred in failing to obtain a reasonable explanation for the apparent conflict between the vocational expert's testimony and the Dictionary. Plaintiff argued that even though his attorney failed to identify any apparent conflicts at the hearing, the discrepancy was so obvious as to trigger the administrative law judge's duty to investigate. The court of appeals agreed, finding that the statements elicited from the vocational expert on cross examination "seriously called into question the reliability of the VE's bottom-line conclusions." Overman v. Astrue, 546 F.3d 456, 465 (7th Cir. 2008). The court also found that the administrative law judge's attempt to "explain away the seemingly contradictory statements is tantamount to an acknowledgment that there were apparent discrepancies." Id. Therefore, the court of appeals reversed this court's decision and remanded the case to the commissioner, concluding that the administrative law judge erred in putting unquestioning reliance on the vocational expert's testimony to find plaintiff not disabled.

5

OPINION

A. <u>Entitlement to Attorney Fees</u>

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "a reasonable basis in law and fact." <u>Young v. Sullivan</u>, 972 F.2d 830, 835 (7th Cir. 1992) (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 566 n.2 (1988)). To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. <u>United States v. Hallmark Construction Co.</u>, 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." <u>Kolman v. Shalala</u>, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. <u>Marcus v. Shalala</u>, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet his burden if a "genuine dispute" existed or if reasonable people could differ about the propriety of the contested action. <u>Pierce</u>, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action that gave rise to the litigation. 28 U.S.C. §

6

2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). "[Equal Access to Justice Act] fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action"). Thus, fees may be awarded where the government's pre-litigation conduct was not substantially justified despite a substantially justified litigation position. Marcus, 17 F.3d at 1036. A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct, making an examination of that conduct necessary to the substantial justification inquiry. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

The commissioner argues that the most compelling evidence supporting the reasonableness of the government's pre-litigation position is the fact that this court affirmed the commissioner's step five finding. However, "the outcome of a case is not conclusive evidence of the justification for the government's position." Hallmark Construction, 200 F.3d at 1079; see also Pierce v. Underwood, 487 U.S. 552, 559 (1988) ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether

7

its position was substantially justified."). Although the fact that this court found the commissioner's argument more persuasive is a relevant factor in determining whether the government's position was substantially justified, it is not the only factor. Hallmark Construction, 200 F.3d at 1079 ("it is rare that a single factor will be dispositive of whether the government's position was substantially justified"). This court must analyze the overall merits of the government's position. Golembiewski, 382 F.3d at 724; Hallmark Construction, 200 F.3d at 1080 (citations omitted).

In this case, the court of appeals found that the administrative law judge failed to follow defendant's own ruling, SSR 00-4p, by failing to investigate an obvious conflict between the vocational expert's testimony and the Dictionary. Even though plaintiff's attorney did not identify the discrepancies at the hearing, the court of appeals determined that the vocational expert's statements on cross examination should have caused the administrative law judge to question the reliability of the expert's earlier stated opinion. By failing to make this necessary inquiry, the administrative law judge failed to develop the record on an element of proof critical to finding plaintiff not disabled. The court of appeals did not find this to be a close case with respect to the adjudicator's step five finding. Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991) ("closeness of the question is, in itself, evidence of substantial justification"). The court used strong language in describing the administrative law judge's errors, noting the existence of "serious" questions of reliability

8

and the adjudicator's essential acknowledgment of these questions without further investigating them.  Marcus, 17 F.3d at 1038 (strong language in court's opinion against government's position supports award of fees to plaintiff).  Therefore, I find that the commissioner's prelitigation position was not substantially justified and plaintiff is entitled to attorney fees and costs.

## B.  Reasonableness of Fees

In INS v. Jean, 496 U.S. 154, 161 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in Hensley v. Eckerhart, 461 U.S. 424 (1983).  Under Hensley, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended by a reasonable hourly rate.  Hensley, 461 U.S. at 433.  The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors.  Id. at 434 n.9.  Whether the hours would be properly billed to a client guides the inquiry.  Id. at 434.

In this case, defendant does not object to the hourly rates set forth in the affidavit supporting the fee petition, dkt. #23 ($154.66 for 2006, $159.30 for 2007 and $165.67 for

9

2008), or to the $821.86 requested in costs and $1.540.73 requested in the second fee petition. However, defendant does object to the amount of time claimed for briefing unsuccessful arguments that plaintiff abandoned on appeal. Specifically, defendant objects to time spent on his "region compliance" and treating physician arguments and editing and re-writing "all" sections of his district court brief. Plaintiff did not respond to these arguments in his reply brief.

The court may adjust a fee upward or downward depending on the "results obtained." Hensley, 461 U.S. at 434. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id. at 440. Thus, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee." Id.

Applying these guidelines, plaintiff is entitled to Equal Access to Justice Act fees only for the work performed in connection with the SSR 00-4p issue. That issue was both factually and legally distinct from plaintiff's other claims. Unlike his other arguments, success on the SSR 00-4p issue did not require plaintiff to critique the administrative law judge's decision in detail or point to specific pieces of evidence in the record that the administrative law judge allegedly failed to consider that undermined his findings. Instead, plaintiff won the SSR 00-4p issue by pointing to facts that were undisputed, namely, the

10

vocational expert's testimony and the administrative law judge's failure to make the SSR 00-4p inquiry, and by showing that the vocational expert's testimony conflicted with the Dictionary of Occupational Titles.

I agree with defendant that some of the 8.4 hours that plaintiff claims as time spent on January 6, 1007 and March 1, 2007 for work on the district court brief is not reasonable. Because there were three claims and plaintiff was ultimately successful on one, I will reduce the time by two thirds (5.60 hours) and award plaintiff fees for 2.80 hours of this time. The fee award will be reduced by $892.08.

In addition, defendant objects to the seven hours spent drafting the notice of appeal (.4 hours on July 18, 2007), preparing an index and tables and compiling the appendix (3.2 hours on December 3, 2007) and completing the brief, preparing tables and an appendix (3.4 hours on February 18, 2008). Defendant argues that this work should be compensated at the paralegal rate instead of the attorney rate because it involved only clerical tasks. Plaintiff agrees that the drafting of the notice of appeal should be compensated at the paralegal rate and defers to the court with respect to the other entries. Because all of these entries appear to involve predominantly clerical tasks, I find that the seven hours should be reimbursed at the paralegal rate, which plaintiff states is $35.00 an hour. Therefore, the fee award will be further reduced by $891.76 (the difference between $1,136.76 in attorney time and $245 in paralegal time).

11

Plaintiff's requested fees and costs in the amount of $17,609.52 minus the above deductions of $1,783.84 totals $15,825.68. I find this amount to be reasonable.

ORDER

IT IS ORDERED that the petition of plaintiff for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED. Plaintiff is awarded fees and costs in the amount of $15,825.68.

Entered this 24th day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

12